# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24869-BLOOM/Louis

JOSE YEYILLE,

    Plaintiff,

v.

CECILIA ALTONAGA, WALTER HARVEY,
and ALBERTO CARVALHO,

    Defendants.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff Jose Yeyille's ("Plaintiff") Motion for Leave to proceed *in forma pauperis*, ECF No. [3] (the "Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1]. The Court has carefully considered the Motion and the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Complaint is dismissed, and the Motion is denied as moot.

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound

discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency

accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). Even under the relaxed pleading standard afforded to pro se litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), the Complaint fails here.

The Complaint must be dismissed for all three reasons enumerated under section 1915(e)(2)(B). Plaintiff seeks to assert various claims against United States District Judge Cecilia Altonaga, Miami-Dade County School Board attorney Walter Harvey, and Miami Dade County Schools Superintendent Alberto Carvalho—and includes nearly 80 pages and 102 counts—for civil RICO violations and violations of his constitutional rights to due process, equal protection, and jury trial, arising from an alleged agreement among Defendants to deprive Plaintiff of his salary and redirect it to the law firm of Holland & Knight, LLP. The Court notes that Plaintiff previously filed a case against Carvalho and others pursuant to 42 U.S.C. § 1983, asserting claims for alleged discriminatory practices, harassment, and other wrongful conduct to which he was subjected during his time as a substitute teacher. *See Yeyille v. Miami Dade County Public Schools*, Case No. 14-cv-24624-CMA. Judge Altonaga presided over Plaintiff's previous case, which was dismissed with prejudice, *see* Case No. 14-cv-24624-CMA, ECF No. [42].

In the Complaint, Plaintiff accuses Judge Altonaga of "agree[ing] with Harvey and Carvalho to dismiss Plaintiff's lawsuit with prejudice in exchange for Harvey and Carvalho agreeing to give Plaintiff's money to the law firm of Holland & Knight, LLP; whereupon Altonaga dismissed Plaintiff's lawsuit with prejudice and Harvey and Carvalho gave Plaintiff's money to

the law firm of Holland & Knight, LLP." ECF No. [1] at 3. Plaintiff alleges further that Judge Altonaga offered to dismiss Plaintiff's previous lawsuit with prejudice in exchange for their promise to hire, and give his money to, Holland & Knight to represent the Miami Dade County School Board because her husband is an attorney at Holland & Knight. *Id*. at 6 ¶ 10. In essence, Plaintiff takes issue with Judge Altonaga's ultimate conclusion that his previous claims be dismissed. Nevertheless, Plaintiff appealed Judge Altonaga's dismissal of his previous case to the Eleventh Circuit, which affirmed the dismissal with prejudice. Case No. 14-cv-24624-CMA ECF No. [56].

As pled, the Complaint is devoid of actionable claims. First, Judge Altonaga is immune from civil liability for damages for acts taken in her judicial capacity. *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978) (internal quotations omitted). In addition, the Complaint's legal theories, as presented here, are indisputably meritless, as Plaintiff's claims amount to nothing more than dissatisfaction with the outcome of his previous case. *See Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (holding that complaint may be dismissed before service of process where its legal theories are indisputably meritless).

In addition, upon the Court's review, Plaintiff's additional claims are baseless and, thus, must be dismissed. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar"); *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (a complaint is legally frivolous when it contains "claims of infringement of a legal interest which clearly does not exist"); *Gallop v. Cheney*, 642 F.3d 364, 366, 368-69 (2d Cir.

2011) (district court properly *sua sponte* dismissed complaint as factually frivolous where plaintiff alleged that senior government officials caused the September 11, 2001 attacks).

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED**, and the Motion, **ECF No. [3]**, is **DENIED AS MOOT**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida on November 25, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Jose Yeyille, *pro se*
5505 SW 135th Court
Miami, Florida 33175