# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24869-BLOOM/Louis

JOSE YEYILLE,

    Plaintiff,

v.

CECILIA ALTONAGA, WALTER HARVEY,
and ALBERTO CARVALHO,

    Defendants.
_____/

## ORDER ON MOTION PURSUANT TO FED. R. CIV. P. 60(b)(6)

**THIS CAUSE** is before the Court upon Plaintiff's Motion Pursuant to Fed. R. Civ. P. 60(b)(6) Demanding that the U.S. District Court Vacate Its Judgment Dismissing Plaintiff's Complaint ECF No. [1] and Denying Plaintiff's Motion to Proceed in forma pa[u]peris ECF [3] Because it Violated Plaintiff's Constitutional Rights To Equal Protection, and a Jury Trial; and Petition to this Court, and the U.S. Eleventh Circuit Court to Exercise their Supervisory [. . .] Power over Its Judgment to Entertain an Independent Action to Relieve Plaintiff From this Court's Judgment Pursuant to Fed. R. Civ. P. 60(D)(1), ECF No. [6] ("Motion"). The Court has carefully reviewed the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the following reasons, the Motion is denied.

In the Motion, Plaintiff requests that the Court vacate its Order Dismissing Case, ECF No. [4]. In that Order, the Court conducted a screening under 28 U.S.C. § 1915(e) and determined that Plaintiff's Complaint should be dismissed as frivolous, for failure to state a claim, and because it seeks monetary relief against a defendant who is immune from such relief. Plaintiff contends that

relief is appropriate pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, arguing that the Court's Order violates his rights to equal protection and a jury trial.

Pursuant to Rule 60, the Court may grant relief from a judgment or order based upon "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981)[1] (quoting *Bankers Mortg. Co. v. United States,* 423 F.2d 73, 77 (5th Cir.1970)). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

Rule 60(d)(1) states that the Court may also "entertain an independent action to relieve a party from a judgment, order, or proceeding[.]" In order to obtain relief under Rule 60(d)(1), a party must show the following elements:

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

*Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1151 (11th Cir. 1985) (citation omitted). However, "[t]he Supreme Court has made clear that such independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Aldana*, 741 F.3d at 1359 (quoting *United States v. Beggerly*, 524 U.S. 38, 46 (1998)) (internal quotations and citation omitted). Indeed, "Rule 60(d)(1) relief is only available if relief is required to prevent a grave miscarriage of justice." *Id.* (citation and internal quotations omitted).

Upon review, the Motion fails to demonstrate extraordinary circumstances necessary to justify relief under Rule 60(b)(6), or entitlement to relief under Rule 60(d)(1). Accordingly, the Motion, **ECF No. [6]**, is **DENIED**. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida on December 2, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Jose Yeyille, *pro se*
5505 SW 135th Court
Miami, Florida 33175